[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14410
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03198-TWT


JYSK BED'N LINEN,
d.b.a. By Design Furniture,
as successor to Quick Ship Holding, Inc.,
d.b.a. By Design Furniture,

Plaintiff-Counter Defendant-Appellee,

versus

MONOSIJ DUTTA-ROY,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 23, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Monosij Dutta-Roy ("Dutta-Roy"), proceeding pro se, appeals from the district court's grant of summary judgment in favor of Jysk Bed'N Linen ("Jysk"), a furniture retailer: (i) in its trademark infringement suit against Dutta-Roy under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); and (ii) with respect to Dutta-Roy's state law counterclaims for breach of contract, unjust enrichment, quantum meruit, equitable accounting, and attorneys' fees. As it pertains to the district court's grant of summary judgment in favor of Jysk on Dutta-Roy's counterclaims, Dutta-Roy argues that the district court erred because his evidence and affidavits showed that there was a partnership agreement that entitled him to payment for his work. For the reasons described below, we affirm.

I.

We assume the parties are familiar with the case's history and summarize the proceedings and facts only insofar as necessary to provide context for our decision.

Jysk, a retail furniture seller, filed this suit against Dutta-Roy in 2012, alleging, among other claims, cybersquatting violations of the ACPA. Jysk alleged that it had continuously used the inherently distinctive "bydesignfurniture.com" trademark since 1999. In 2012, it discovered that its website was offline and inaccessible because Dutta-Roy, who had originally registered the website at Jysk's direction, had allowed the website registration to expire. Dutta-Roy had

2

listed himself as the website's owner, and Jysk could not renew the website without his permission. Dutta-Roy renewed the website in his own name, took control of the website to the exclusion of Jysk, and demanded payment for any transfer of ownership.

Dutta-Roy denied liability and asserted counterclaims for breach of contract, unjust enrichment, quantum meruit, and breach of fiduciary duty, and sought an equitable accounting and attorneys' fees, all under Georgia law. Dutta-Roy alleged that he and several individuals had formed BazaarWorks, LLC ("BazaarWorks") for the purpose of developing a website for Jysk's predecessor. He alleged that BazaarWorks entered into a "partnership agreement" with Jysk's predecessor; as part of that agreement, Dutta-Roy registered the domain "bydesignfurniture.com" and developed the website online. Dutta-Roy alleged that Jysk failed to compensate him for the work he performed, failed to disclose the revenue generated by the website, and failed to compensate him based on that revenue. He sought $1,000,000 in actual damages, the reasonable value of his labor, equitable accounting, and attorneys' fees.

Jysk moved for summary judgment on its affirmative claims and Dutta-Roy's counterclaims. It contended that it had asked Dutta-Roy's former employer to develop a website for its "By Design Furniture" mark, and that despite its instruction to register the domain in Jysk's name, Dutta-Roy registered it in his

3

own name.  In addition to registering "bydesignfurniture.com", he also registered "bydesignfurniture.org", "bydesignfurnitures.com", and "bydesign-furnitures.com", before offering to sell these domain names to Jysk for millions of dollars.  With respect to Dutta-Roy's counterclaims, Jysk contended that Dutta-Roy's equitable claims for quantum meruit and unjust enrichment were barred by the applicable four-year statute of limitations because Dutta-Roy never rendered any services for Jysk after 2005. And Jysk argued that the rest of Dutta-Roy's counterclaims failed for lack of privity of contract.

Jysk claimed that Dutta-Roy had produced no evidence of any partnership agreement between Jysk and BazaarWorks, and that any such agreement would not have included Dutta-Roy as a party.  Jysk attached multiple sworn affidavits stating that neither Jysk nor Jysk's predecessor executed any written agreement with Dutta-Roy or BazaarWorks regarding the development of the "bydesignfurniture.com" website.  It also attached an excerpt of Dutta-Roy's response to Jysk's interrogatories admitting that he was unaware of any fact, observation, document, or item of evidence showing that BazaarWorks and Jysk's predecessor ever executed a written agreement.

Dutta-Roy opposed Jysk's motion for summary judgment.  With respect to his counterclaims, Dutta-Roy attached his own affidavit, to which he attached what he alleged to be a draft of the partnership agreement.  This document indicated a

4

potential agreement between Jysk's predecessor and BazaarWorks, but was neither dated nor signed by any party. Dutta-Roy also attached an email exchange between himself and a Jysk employee that referenced an undescribed written agreement. Jysk responded to this by submitting additional affidavits, including one from the employee in the email exchange. This employee stated that the emails referred to an agreement to purchase servers that was unrelated to the litigation.

The district court granted Jysk's summary judgment motions. It concluded that Jysk held a trademark in its mark, and that Dutta-Roy violated the ACPA by registering "bydesignfurniture.com" and the other domain names in 2012. The district court ordered Dutta-Roy to transfer the domain names to Jysk. The district court also concluded that Dutta-Roy failed to demonstrate a contractual relationship between himself and Jysk, that his equitable claims were time-barred, that Dutta-Roy failed to demonstrate a fiduciary relationship, and that Dutta-Roy was not entitled to an equitable accounting or attorneys' fees because he could not succeed on his underlying claims.

After a lengthy procedural back-and-forth involving multiple appeals to this Court and post-judgment motions, Dutta-Roy filed a Rule 60(b) motion to vacate the district court's orders and sought a default judgment against Jysk, which the district court denied. Dutta-Roy filed a timely notice of appeal, designating the

district court's final judgment, which encompassed its grants of summary judgment, and the district court's order denying his Rule 60(b) motion. Dutta-Roy has since filed a motion for equitable accounting in this Court.

## II.

We review a grant of summary judgment de novo and view all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785 (11th Cir. 2005). Summary judgment is appropriate if the record evidence, including depositions, declarations, and affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating that there are no genuine issues of material fact, but once that burden is met the burden shifts to the nonmoving party to bring the court's attention to evidence demonstrating a genuine issue for trial. Paylor v. Harford Fire Ins. Co., 748 F.3d 1117, 1121 (11th Cir. 2014). Overcoming that burden requires more than speculation or a mere scintilla of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). Rather, there must be enough of a showing that the jury could reasonably find for that party. Id.

6

III.

A. Abandonment of Claims of Error and Counterclaims

Issues on appeal must be raised plainly and prominently. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680–82 (11th Cir. 2014). Passing reference to a claim without support or citation is not enough to preserve an issue. Id. Appellants should identify issues they wish the Court to address on appeal in their statement of issues and clearly devote a distinct section of their argument to those issues. Id. Issues not briefed are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Notwithstanding our principle of reading pro se briefs liberally, these rules of abandonment apply to both represented parties and pro se litigants. Id.

We conclude that Dutta-Roy has abandoned any argument that the district court erred in granting summary judgment in favor of Jysk with respect to its ACPA claim because he failed to brief the issue on appeal. Timson, 518 F.3d at 874. Nowhere in his brief does Dutta-Roy expressly challenge the district court's grant of summary judgment against him on Jysk's ACPA claim, including in his Statement of the Issues. Dutta-Roy makes perfunctory reference to his argument that the ACPA is "non-retroactive," but fails to cite authority or devote a specific section of his brief to this issue; this is insufficient to preserve the issue on appeal. See Sapuppo, 739 F.3d at 680-82. Dutta-Roy's brief is focused instead on the

7

district court's grant of summary judgment against him on his counterclaims. Because Dutta-Roy fails to challenge adequately the district court's ruling on Jysk's ACPA claim, he has abandoned any argument on the issue.

Dutta-Roy has also abandoned his equitable claims. Georgia provides quantum meruit and unjust enrichment theories of recovery when, under certain circumstances, parties cannot recover under a contract. Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc., 690 F.3d 1216, 1227 (11th Cir. 2012). These equitable theories permit a party who cannot recover under a contract to receive compensation for performing a valuable service (quantum meruit) or conferring a benefit on another (unjust enrichment). Id. at 1230. The statute of limitations on both claims is four years. O.C.G.A. § 9-3-26.

The district court concluded that Dutta-Roy produced no evidence that he had performed any work on Jysk's behalf since 2005. Dutta-Roy makes a fleeting reference to the limitations period in an otherwise unrelated section of his brief, but does not dedicate a discrete section to the issue and cites to no authority. He has therefore abandoned the statute of limitations issue. Timson, 518 F.3d at 874. In any event, Dutta-Roy does not refute Jysk's claim that the last time Dutta-Roy offered services to Jysk was in 2005. He therefore had until 2009 at the latest to assert his equitable claims; because he asserted them in 2012, they were time-barred.

8

Dutta-Roy has also abandoned any argument that the district court erred in denying his 60(b) motion.  He does not argue in his brief that his motion should have been granted, and mentions Fed. R. Civ. P. 60(b) only once in his brief, in the heading of an unrelated section.  This is not enough to raise the issue on appeal, and it is abandoned.  Timson, 518 F.3d at 874.

B.  Dutta-Roy's Remaining Counterclaims

The district court did not err by granting summary judgment in Jysk's favor with respect to the rest of Dutta-Roy's counterclaims.

Dutta-Roy did not present sufficient evidence to establish a breach of contract.  In Georgia, a valid contract must have a subject matter, consideration, and mutual assent by all parties to all terms.  Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1582 (11th Cir. 1994).  The agreement must be expressed plainly and explicitly enough to show what the parties agreed upon. Id.

Dutta-Roy presented no evidence from which a jury could reasonably infer the existence of an agreement between himself and Jysk.  Anderson, 477 U.S. at 252, 106 S. Ct. at 2512.  Several Jysk employees stated in sworn affidavits that there was no agreement between between Jysk and Dutta-Roy.  In response, Dutta-Roy attached a partnership agreement between BazaarWorks—not Dutta-Roy— and Jysk's predecessor.  This agreement was unexecuted, with blank spaces for the

parties' signatures and the date of execution. Dutta-Roy also attached an email that appears to relate to Jysk's recovery of computer equipment from Dutta-Roy.

An unexecuted agreement to which Dutta-Roy was not a party and an ambiguous email are together, at most, a "mere . . . scintilla" of evidence in support of Dutta-Roy's contention that a contract existed between the parties. Anderson, 477 U.S. at 252, 106 S. Ct. at 2512. Dutta-Roy has presented no evidence of mutual assent between himself and Jysk regarding a plain and explicit set of terms, and no reasonable jury could infer that Jysk breached a contract with Dutta-Roy. Id.; Dibrell Bros. Int'l S.A., 38 F.3d at 1582. The district court therefore did not err in granting summary judgment.

Dutta-Roy has also presented no evidence from which a reasonable jury could infer the existence of a fiduciary duty owed to him by Jysk. Under Georgia law, establishing a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach. Atwater v. National Football League Players Ass'n, 626 F.3d 1170, 1183 (11th Cir. 2010). A fiduciary relationship "arises where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent." Id. (internal citations omitted). The party

10

asserting the existence of a fiduciary or confidential relationship bears the burden of establishing its existence.  Id. at 1183-84 (internal citations omitted).

Again, the non-executed agreement and ambiguous email constitute nothing more than a scintilla of evidence, at best, supporting the contention that a fiduciary obligation existed.  Anderson, 477 U.S. at 252, 106 S. Ct. at 2512.  Because Dutta-Roy cannot demonstrate the existence of a fiduciary duty, the district court's grant of summary judgment was appropriate.

Under Georgia law, equitable accounting requires a plaintiff to introduce evidence that would allow the fact finder to determine the amount owed.  Therrell v. Ga. Marble Holdings Corp., 960 F.2d 1555, 1565 (11th Cir. 1992).  Additionally, attorneys' fees are not recoverable where there is no award of damages or other relief on any underlying claim.  Alea London Ltd. v. Am. Home Servs., 638 F.3d 768, 780 (11th Cir. 2011).

Because Dutta-Roy has not shown that he is entitled to any damages, there is no evidence that would allow a fact finder to determine the amount he is owed.  He is therefore not entitled to an equitable accounting.  Therrell, 960 F.2d at 1565.  And because he is not entitled to damages or other relief, he is not entitled to attorneys' fees.  Alea London Ltd., 638 F.3d at 780.

11

For these reasons, we affirm the judgment of the district court.[1]

**AFFIRMED**.

---

[1] All other arguments asserted by Dutta-Roy on appeal are denied without further discussion. Dutta-Roy's pending motion for an equitable accounting, which overlaps substantially with his claim in the district court for an equitable accounting, is likewise denied. Dutta-Roy's request for oral argument is denied.